**UNITED STATES of America,**
**Appellee,**

v.

**Kim De Los SANTOS–FERRER,**
**Defendant–Appellant.**

**No. 04–0918–CR.**

United States Court of Appeals,
Second Circuit.

Sept. 30, 2004.

Roslynn R. Mauskopf, U.S. Attorney, Eastern District of New York, Emily Berger, Carrie Capwell, Assistant U.S. Attorneys, for Appellee, of counsel.

Paul M. Gamble, New York, NY, for Defendant–Appellant.

Present: FEINBERG, CARDAMONE and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant–Appellant Kim De Los Santos–Ferrer appeals from the entry of a Violation of Supervised Release Order by the United States District Court for the Eastern District of New York (Block, *J.*). Following an evidentiary hearing before a Magistrate Judge (Pollack, *M.J.*), the Court concluded that Santos–Ferrer had violated the terms of his supervised release, which had been imposed as a consequence of a prior narcotics conviction, by *inter alia* engaging in additional narcotics transactions. At the hearing the evidence against him was adduced largely through testimony of DEA Special Agent James Lasota. Coded conversations in which Santos–Ferrer participated had been intercepted by authorities and Lasota offered testimony that the conversations referred to drug transactions. Following the hearing, the Court, based primarily on the Magistrate's report, terminated Santos–Ferrer's supervised release and sentenced him principally to a year and a day. Familiarity with the relevant facts, procedur-

al history and issues presented raised on appeal is presumed.

Santos–Ferrer claims that the Magistrate Judge and the District Court erred in admitting Special Agent Lasota's testimony, because "despite the latitude given District Courts [in hearing expert testimony concerning the narcotics trade] the cases ... caution against the admission of expert testimony that strays from a witness' expertise." Appellant br. at 21. Specifically, he contends that the District Court abused its discretion in admitting the testimony because blurring the distinction between expert and lay testimony created a risk of confusing the trier of fact.

We see no error, much less any abuse of discretion. It is well-settled that revocation hearings are not the same as criminal trials and judicial officers have considerable discretion at such hearings in determining the testimony to admit and the manner in which it may be given. The full range of procedural safeguards associated with a criminal trial do not attach to parole revocation proceedings because "a probationer already stands convicted of a crime." *United States v. Jones,* 299 F.3d 103, 109 (2d Cir.2002).

Moreover, the Federal Rules of Evidence do not apply to supervised release revocation hearings. *See* Fed.R.Evid. 1101(d)(3) (federal rules of evidence not applicable to proceedings "granting or revoking probation"); Fed.R.Crim.P. 32.1(a)(2) advisory committee's notes (2003 ed.) ("The hearing required by Rule 32.1(a)(2) is not a formal trial; the usual rules of evidence need not be applied."). Consequently, Santos–Ferrer's objections to the admission of Special Agent Lasota's testimony are simply misplaced. We have reviewed his other contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed.